UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

AUG 1 6 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-432-GWU

CARLA A. TURNER,                                          PLAINTIFF,

VS:                        MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT,

## INTRODUCTION

Carla Turner brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Supplemental Security Income.

The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for

judicial analysis of benefit denial cases:

1.      Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to step 4.  If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?   If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.  1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Turner, a 36 year-old former factory worker, pharmacy worker, and nursing home housekeeper with a "limited" education, suffered from impairments related to borderline intelligence, a depressive disorder, bilateral carpal tunnel syndrome, bilateral Tinel's syndrome, and low blood pressure. (Tr. 19, 21). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 24). Since the claimant's past factory work could still be performed, she could not be considered totally disabled. (Tr. 25).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the defendant.

In determining that Turner could return to her past factory work, the ALJ relied in part upon the testimony of Vocational Expert Betty Hale. The hypothetical question presented to Hale included a limitation to light level work

5

restricted from a full range by such non-exertional limitations as (1) an inability to more than frequently operate hand controls with the upper extremities; (2) no more than frequent handling or fingering; (3) a need to avoid exposure to full body vibration; (4) a restriction to understanding and remembering simple, short instructions maintaining the necessary attention and concentration for two-hour segments; and (6) a restriction to non-public work settings.  (Tr. 266-267).  In response, the witness indicated that the plaintiff's past factory work could still be performed.  (Tr. 267).  Hale also identified a significant number of other jobs which could be performed.  (Tr. 267-268).  Therefore, assuming that the vocational factors considered by the vocational expert fairly characterized the claimant's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  The question was fully consistent with the physical restrictions identified by Dr. Timothy Gregg, a non-examining medical reviewer.  (Tr. 183-191).  Dr. Usha Polisetty diagnosed "mild to moderate" carpal tunnel syndrome but did not impose any functional limitations.  These reports provide substantial evidence to support the administrative decision.

Dr. Emmanual Yumang, a treating source at Christian Healthcare Services, opined in June of 2004 that Turner could not be "gainfully employed at present."  (Tr. 155).  The doctor indicated that she would been to be re-evaluated in a few months.  (Tr. 155).  Thus, this would not appear to have been a permanent restriction or one that would at least meet the one-year durational requirement.  Under these circumstances, the Court finds that Dr. Yumang's opinion was properly rejected as binding.

6

Turner asserts that her carpal tunnel syndrome would preclude her past work as well as all other jobs. She cites Social Security Ruling 85-15 for the proposition that reaching and handling are activities required in most jobs and a significant restriction concerning these could eliminate large numbers of jobs. However, as noted by the defendant, Social Security Ruling 85-15 also states that since limitations concerning handling and reaching can have varying effects, then the testimony of a vocational expert may be needed. In the present action, the ALJ sought the testimony of a vocational expert who responded to a question which fairly depicted the limitations indicated in the medical record relating to the claimant's ability to reach and handle. The past work as well as numerous other jobs were said to remain available. Therefore, the Court must reject the claimant's argument.

The ALJ also dealt properly with the evidence of record relating to Turner's mental condition. The hypothetical question was essentially consistent with modest mental limitations indicated by Psychologist Phil Pack, an examining consultant who noted that the plaintiff would have a "limited but satisfactory" ability to sustain attention to perform repetitive tasks, relate to others, adapt to the stress and pressures of day-to-day work activity and retain and follow instructions. (Tr. 197). The question was also compatible with the restrictions noted by Psychologist Laura Cutler, a non-examining medical reviewer. (Tr. 214-215). These reports provide substantial evidence to support the administrative decision.

Turner argues that the restriction concerning maintaining attention and concentration for two-hour segments would preclude all work. However, she cites no evidence to contradict the vocational expert's testimony on this point. Furthermore, no mental health source of record actually imposed such a time

7

limit. This was a gratuitous finding on the part of the ALJ. Therefore, under these circumstances, the Court must reject the claimant's assertion.

The Court notes that Turner submitted additional medical records directly to the Appeals Council which were never seen by the ALJ. (Tr. 223-237). This action raises an issue concerning a remand for the taking of new evidence before the Commissioner is presented. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." 42 U.S.C. Section 405(g). The plaintiff has not adduced arguments concerning why such a remand would be appropriate.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the /6 Day of August, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8